# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **REBECCA H.,** <br><br> Plaintiff, <br><br> vs. <br><br> **KILOLO KIJAKAZI** <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | **Court No. 1:21-cv-00085-DBP** <br><br><br> **MEMORANDUM DECISION & ORDER** <br><br><br><br> **Magistrate Judge Dustin B. Pead** |

Plaintiff Rebecca H.,[1] pursuant to 42 U.S.C. § 405(g), seeks judicial review[2] of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). After careful review of the entire record, the parties' briefs[3] and the arguments presented at a hearing held on July 28, 2022,[4] the Court concludes that the Commissioner's final decision is supported by substantial evidence and legally sound and is therefore AFFIRMED.[5]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. ECF No. 11; *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[3] ECF No. 20, Plaintiff's Motion for Review of Agency Action; ECF No. 24, Defendant's Memorandum in Opposition; ECF No. 25, Plaintiff's Reply Memorandum.

[4] ECF No. 30, Minute Entry for Oral Argument.

[5] ECF No. 20.

# I. LEGAL FRAMEWORK

## A. Statutory and Regulatory Background

To establish that she is disabled, a claimant must show that she was unable to engage in any substantial gainful activity due to some medically determinable physical or mental impairment or combination of impairments that lasted, or were expected to last, for a continuous period of at least 12 months.[6] A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."[7] The claimant has the burden of furnishing medical and other evidence establishing the existence of a disabling impairment.[8] Whether a claimant is disabled under the Act is a decision that is reserved to the Commissioner.[9]

## B. Drug & Alcohol Abuse

Special statutes and regulations govern drug and alcohol cases under the Act such that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."[10] The main factor relevant to this determination is whether the Plaintiff would still be found disabled if she stopped using drugs or alcohol.[11]

---

[6] 42 U.S.C. § 1382c(a)(3)(A).

[7] 42 U.S.C. § 1382c(a)(3)(B).

[8] 42 U.S.C. § 1382c(a)(3)(H)(i) (incorporating by reference 42 U.S.C. § 423(d)(5)(A)).

[9] 20 C.F.R. §§ 416.920b(c)(3), 416.946(c).

[10] 42 U.S.C. § 423(d)(2)(C); *see also* 20 C.F.R. § § 404.1535, 416.935.

[11] 20 C.F.R. § 404.1535.

C.  **Standard of Review**

The Court's review of the Commissioner's final decision is specific and narrow. The Court reviews the Commissioner's decision to determine whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[12] On judicial review, the agency's factual findings are "conclusive if supported by substantial evidence."[13] The threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[15] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[16]

II.  **FACTUAL BACKGROUND**

On March 28, 2019, Plaintiff protectively applied for SSI, alleging disability beginning October 3, 2018, due to mental impairments and addiction to controlled substances.[17] Plaintiff's claim was denied initially on September 3, 2019 and upon reconsideration on January 15,

---

[12] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[13] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g) (internal quotation marks omitted)).

[14] *Id.* at 1154 (internal quotation marks omitted).

[15] *Hendron*, 767 F.3d at 954 (citation omitted).

[16] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[17] Tr. 22, 24, 176-81.

2020.[18] She pursued her disability claim to a November 2020 hearing before Administrative Law Judge (ALJ) J. Doug Wolfe.[19] In a November 30, 2020 decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[20] In making that determination, the ALJ applied the five-step sequential evaluation for determining disability in adults, including the provisions found in the Drug Addiction and Alcoholism regulations.[21] The ALJ found that while engaging in substance abuse, Plaintiff would be disabled, but if she were to cease substance abuse she would be able to perform a range of simple, routine work.[22] The ALJ found that Plaintiff was not disabled at step five of the sequential evaluation because she could perform other jobs (floor cleaner, janitor and hand launderer) existing in significant numbers the national economy.[23] The agency's Appeals Council denied Plaintiff's request for review,[24] making the ALJ's decision final for purposes of judicial review.[25] Plaintiff's June 7, 2021 appeal

---

[18] Tr. 96, 103.

[19] Tr. 41-63.

[20] Tr. 22-34.

[21] 20 C.F.R. §§ 416.920, 416.935-416.941.

[22] Tr. 22-29. Specifically, the ALJ concluded that if Plaintiff stopped her substance abuse, she would have the RFC to perform a "full range of work at all exertional levels" with the following limitations:

> she is able to perform simple, routine, repetitive tasks in a low stress work environment--- i.e., low volume, low production level type work which requires interaction with the public, coworkers and supervisors up to 1/3 of 8-hour workday.

[23] Tr. 33.

[24] Tr. 1-5.

[25] 20 C.F.R. § 416.1481.

to this court followed.[26] This court has jurisdiction over Plaintiff's appeal of that final decision under 42 U.S.C. § 405(g).

### III. ANALYSIS

Plaintiff argues that substantial evidence did not support the ALJ's assessment of the effects of her substance abuse. Under the substantial evidence standard, the Court will affirm if there is "more than a scintilla" of evidence: "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27]

The period at issue in this case is narrow, but even in that narrow period there is evidence that Plaintiff's substance abuse was significant and ongoing. For example, in July 2020, Plaintiff told her treatment provider that she would "drink two 4 ounce bottles a week" of Dextromethorphan—a key ingredient in over-the-counter cough syrup, which is often classified as an opiate[28]—"to help her mitigate the amount of anxiety that she experiences."[29] Later that same visit, Plaintiff admitted that her last use of opiates "was this month," and also admitted that she was abusing over-the-counter Dextromethorphan.[30] Plaintiff's treatment provider noted that in addition to mental health conditions, Plaintiff had "substance abuse," and that "[o]piates had

---

[26] ECF No. 2.

[27] *Biestek,* 139 S. Ct. at 1153 (internal quotation marks omitted).

[28] *See* https://nida.nih.gov/publications/drugfacts/over-counter-medicines (last visited August 11, 2022) (Dextromethorpan (DXM) "is an opioid without effects on pain reduction and does not act on the opioid receptors. When taken in large doses, DXM causes a depressant effect and sometimes a hallucinogenic effect, similar to PCP and ketamine.").

[29] Tr. 553.

[30] Tr. 554.

been an ongoing problem which she has used recently coupled with Dextromethorphan abuse"[31] Earlier that month, Plaintiff had been "kicked out of a sober living house for not following curfew and drinking cough syrup"[32]

    The ALJ compared these periods of substance abuse with other periods when Plaintiff was reportedly abstinent, just as the Social Security regulations and rulings require.[33] Given the record evidence, the ALJ reasonably found that Plaintiff's mental health symptoms and functioning improved during periods of abstinence.[34] Although the ALJ's discussion about those treatment notes also included some discussion of Plaintiff's physical impairments and functioning, they nevertheless addressed Plaintiff's mental stability, mood, engagement, concentration, and memory, among other mental functioning and abilities. Under the substantial evidence standard, this was sufficient to support the ALJ's finding about the effect of Plaintiff's drug abuse and her improvement in functioning while sober.[35]

    Substantial evidence also supports the ALJ's finding that APRN Julie Krouse's opinion contemplated Plaintiff's mental functioning during ongoing substance abuse. In an April 2019

---

[31] Tr. 554.

[32] Tr. 550.

[33] *See* 20 C.F.R. § 416.935(b)(2)(i); Social Security Regulation (SSR) 13-2p, 78 Fed. Reg. 11,939, 11,940 (Feb. 20, 2013).

[34] Tr. 30-32 (citing Tr. 400-01, 410, 425, 460, 472, 498, 523, 561, 563, 567).

[35] *Hendron*, 767 F.3d at 954 (under the substantial evidence standard, the Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]"); *see also Biestek*, 139 S. Ct. at 1157 (the substantial evidence standard of review defers to the presiding ALJ, "who has seen the hearing up close").

Mental Capacity Assessment form she completed, Ms. Krouse included "chemical addiction" as one of Plaintiff's diagnoses,[36] and included some "Marked" and "Extreme" limitations in certain, work-related areas of mental functioning.[37] When asked to identify the impact of Plaintiff's substance abuse on the limitations she assessed, Ms. Krouse stated that Plaintiff's substance abuse had a "moderate" impact on the assessed limitations, and noted that Plaintiff had a "past history of significant use."[38] And, when asked whether Plaintiff had the ability to voluntarily control her substance abuse, Ms. Krouse stated "unknown."[39] In light of Plaintiff's continued substance abuse even after Ms. Krouse gave her April 2019 opinion, as well as Plaintiff's improvement during periods of sobriety, it was reasonable for the ALJ to find that Ms. Krouse's opinion was unpersuasive.[40]

Although it may be possible to come to another equally reasonable interpretation of the evidence based on this case's record, the Court finds that the ALJ's conclusions are reasonable and supported by substantial evidence. In such circumstances, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ.[41]

---

[36] Tr. 297.

[37] Tr. 297-99.

[38] Tr. 299.

[39] *Id.*

[40] Tr. 32.

[41] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)).

7

## IV.   CONCLUSION

For the reasons stated above, the ALJ's decision is supported by substantial evidence and is legally sound and is therefore AFFIRMED. Plaintiff's Motion for Review of Agency Action is DENIED.[42] Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

Dated this 18th day of August, 2022.

DUSTIN B. PEAD
Chief United States Magistrate Judge

---

[42] ECF No. 20.